UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIENNA M. COZAD,

   Plaintiff,         Case No. 1:23-cv-01334

v.

TOMMY L. EDWARDS n/k/a JARED
EDWARDS and THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA,

   Defendants.

**PLAINTIFF BRIENNA M. COZAD
MOTION FOR DEFAULT JUDGMENT**

NOW COMES, the Plaintiff, BRIENNA M. COZAD ("Cozad"), through undersigned counsel, and hereby respectfully moves this Court for an Order of Default Judgment pursuant to Rules 55 of the Federal Rules of Civil Procedure:

(1) entering Default Judgment against Defendant Tommy L. Edwards n/k/a Jared Edwards ("Edwards") with respect to the relief sought by Cozad in her Complaint and for failure to plead or otherwise defend; (2) directing the Clerk of this Court to distribute all of the funds deposited by THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") representing the remaining life insurance proceeds at issue, plus applicable interest, if any.

## FACTUAL BACKGROUND

The salient factual matters are set forth in Prudential's Answer, Affirmative Defenses, and Counterclaim and Cross-Claim for Relief in Interpleader (the "Cross- claim"). (ECF Doc. 6.) Cozad respectfully asks that the Court incorporate by reference those factual statements and pleadings and exhibits as if set forth fully herein. Briefly, however, Prudential issued group life insurance contract number G-50318 to Cook Group Incorporated (the "Plan"). (*Id.* ¶ 6, Ex. A.) As an eligible employee of Cook Group Incorporated, at all times relevant, William T. Edwards (the "Insured") received life insurance coverage under the Plan. (*Id.* ¶ 7.) The Insured did not submit any beneficiary designations to his coverage under the Plan. (*Id.* ¶ 8.)

The Insured died on or about April 9, 2023. (*Id.* ¶ 9, Ex. B.) As a result of the death of the Insured, Plan death benefits in the amount of $75,000.00 (the "Death Benefit") became due to a beneficiary or beneficiaries, and Prudential concedes liability to that effect. (*Id.* ¶ 10.) The Plan's beneficiary rules provide, in relevant part, that "[a]ny amount of insurance under a Coverage for which there is no Beneficiary at your death will be payable to the first of the following: your (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares …" (*Id.* ¶ 11.) The Insured is survived by his parents, Cozad and Edwards. (*Id.* ¶ 12.)

By "Assignment and Release" form dated April 19, 2023 (the "Assignment"), Cozad assigned $8,082.00 of the Death Benefit to Sedgwick Funeral Home for services rendered in connection with the Insured's final arrangements. (*Id.* ¶ 13, Ex. C.) By "Preferential Beneficiary's Statement" form dated April 25, 2023, Cozad asserted a claim to the Death Benefit. (*Id.* ¶ 14, Ex. D.) On or about May 9, 2023, Prudential disbursed $8,082.00 to Sedgwick Funeral Home in satisfaction of the Assignment and $29,418.00 to Cozad, representing her undisputed 50% share of the Death Benefit, less $8,082.00 disbursed to Sedgwick Funeral Home. (*Id.* ¶ 15.) As a result of the disbursements to Sedgwick Funeral Home and Cozad, there remains $37,500.00 of the Death Benefit due (the "Remaining Death Benefit"), representing the 50% share to which Edwards would be

entitled pursuant to the Plan's beneficiary rules. (*Id*. ¶ 16.)

There have been no other claims for the Remaining Death Benefit. (*Id*. ¶ 17.)

## SALIENT PROCEDURAL HISTORY

Cozad filed a Petition for Declaratory Relief (the "State Court Action" or "Complaint") with the Ninth Judicial Circuit Court, Fulton County, State of Illinois on or about June 23, 2023. (ECF Doc. 1 at 7.) The Complaint seeks a judgment declaring Cozad to be the sole beneficiary or the sole payee and ordering that all sums of money due and payable under the Plan be paid to Cozad on the grounds that Edwards is in arrears to Cozad as a result of past due child support payments. (*Id.* at 9.) On or about September 7, 2023, Prudential removed the State Court Action to this United States District Court. (ECF Doc. 1.) On or about October 16, 2023, Prudential filed the Cross-claim. (ECF Doc. 6.)

On March 8, 2024, Edwards was personally served with the Cross-claim. (ECF Doc. 13.) The docket does not reflect that Edwards has answered or otherwise appeared in this action. An Entry of Default against Edwards was requested by Prudential on or about June 18, 2024 (ECF Doc. 14), which was entered by the Clerk on or about June 20, 2024. (ECF Docket Text Entry and Order, Jun. 20, 2024.)

LEGAL DISCUSSION

**I. Default Judgment Should Be Entered Against Edwards Pursuant to Fed. R. Civ. P. 55(b)(2)**

If a defendant fails to timely file an answer, default judgment may be sought against that defendant. Fed. R. Civ. P. 55. Prior to seeking a default judgment, an entry of default pursuant to Fed. R. Civ. P. 55(a) must be sought. *See e.g., VLM Food Training International v. Illinois Trading Co.*, 811 F.3d 247 (7th Cir. 2016). After an entry of default is made, the moving party may move for default judgment under Fed. R. Civ. P. 55(b). Although Fed. R. Civ. P. 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the court may exercise its judicial discretion in entering default judgment. That is, the "district court must have the default judgment readily available within its arsenal of sanctions 'in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not.'" *United States v. Di Mucci*, 879 F.2d 1488 (7th Cir. 1989).

Here, Edwards was personally served on March 8, 2024. (ECF Doc. 13.) The docket does not reflect that he has answered or otherwise appeared in the action. An entry of default was sought against him on June 18, 2024. (ECF Doc. 14.) Default was entered against Edwards by the Clerk on June 20, 2024. (ECF Docket Text Entry and Order, Jun. 20, 2024.) All parties have provided Edwards with notice and ample opportunity to avoid the entry of default against him in this matter. Thus, Cozad may now move for default judgment against him as to the relief sought by Cozad in the Complaint.

Further, default judgment may be entered against absent parties in interpleader matters. *See e.g., Prudential Ins. Co. of Am. v. Barker*, No. 4:18 CV 76, 2020 WL 108661, at *2 (N.D. Ind. Jan. 9, 2020) (granting insurer/stakeholder's motion for interpleader relief, including dismissal from action and default judgment against non-answering defendant and reserving entry of final judgment until remaining issues are resolved including interest of non-answering party as to the proceeds on deposit); *Harnett*, 2017 WL 4621776, at *3 (granting insurer's motion for discharge and dismissal with prejudice and enjoining all defendants – including non-appearing defendants – from

prosecuting claims against stakeholder but recognizing the judgment as among competing claimants will be addressed in second stage of interpleader action); *see also, e.g., Life Ins. Co. of N. Am. v. Park*, No. 01 C 2835, 2002 WL 908139, at *1 (N.D. Ill. May 6, 2002) (noting that default judgment had been entered against defendant-claimant prior to insurer- stakeholder's dismissal from case).

Accordingly, the Court may enter default judgment against Edwards as to the relief requested in the Complaint. Therefore, it is appropriate for the Court to enter a Judgment of Default against Edwards, precluding him from asserting any claims against Cozad for the Remaining Death Benefit or otherwise in connection with the Insured's coverage under the Plan.

## CONCLUSION

For all of the reasons set forth above and as plead in Cozad's prior submissions, Cozad respectfully requests that this Court enter an Order granting Cozad's Motion for Default Judgment. A proposed Order is submitted herewith.

Dated: December 9, 2024

Respectfully submitted,

*/s/ Nicholas N. Tinsman* _____
*Counsel for Plaintiff Brienna M. Cozad*

NICHOLAS N. TINSMAN
ARDC No. 6307184
Barnhart, Tinsman & Parrish, Ltd
121 West Elm
Canton, Illinois 61520
Telephone (309) 647-0100
Fax (309)647-0492
nick@barnhartlaw.net