# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

BRIENNA M. COZAD,

      Plaintiff,

v.

TOMMY L. EDWARDS n/k/a JARED EDWARDS and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

      Defendants.

Case No. 1:23-cv-01334

## PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT

NOW COMES, the Plaintiff, BRIENNA M. COZAD ("Cozad"), through undersigned counsel, and hereby respectfully moves this Court for an Order of Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure:

(1) entering Default Judgment against Defendant Tommy L. Edwards n/k/a Jared Edwards ("Edwards") with respect to the relief sought by Cozad in her Petition and for failure to plead or otherwise defend; (2) directing the Clerk of this Court to distribute $37,500.00 to Cozad, which represents all of the funds deposited by THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") from the remaining life insurance proceeds at issue, plus applicable interest, if any.

### FACTUAL BACKGROUND

The factual matters are set forth in Cozad's Petition for Declaratory Judgment (the "Petition") which was filed with the State Court of the Ninth Judicial Circuit, Fulton County,

Illinois on June 23, 2023(ECF Doc. 1 at 7.)

Cozad respectfully asks that the Court incorporate by reference those factual statements and pleadings and exhibits as if set forth fully herein. Briefly, however, The Cozad and the Edwards were parties in a Fulton County Case captioned 1999-D-143 as it relates to their prior divorce and child support awards Cozad and Edwards were parties to a Uniform Order for Support in 1999-D-143 (*Id.*, ¶ 5). The Uniform Order for Support is for child support to be paid by Edwards to Cozad for multiple children, one of which being William T. Edwards ("Insured"), born November 25, 1995 (*Id.*, ¶ 6).

Edwards has failed to make all payments owed to Cozad under the Uniform Order for Support, and is currently indebted to Cozad with an arrearage of child support in the amount of $84,979.65, which includes accumulated interest in the amount of $64,122.54, and late charges in the amount of $7,120.00, all as more fully set forth on Cozad's Affidavit of Amounts Due and Owing, which is attached hereto as Exhibit A, along with supporting documentation from the State Disbursement Unit of Illinois, which is attached thereto as Exhibit A-1; see also Cozad's spreadsheet attached thereto as Exhibit A-2, showing all payments made and providing all credits due to Edwards with respect to the Uniform Order for Support, and calculates all statutory interest due, in support of Cozad's Exhibit A.

The Insured died on or about April 9, 2023 (*Id.* ¶ 7). As a result of the death of the Insured, the Defendant Prudential was obligated to make payment to Defendant Edwards for one-half of the Policy amount, or $37,500.00 (The facts, and all relevant exhibits, are set forth more fully in Prudential's Answer, Affirmative Defenses, and Counterclaim and Cross-Claim for Relief in Interpleader (the "Crossclaim"). (ECF Doc. 6.). On or about May 9, 2023, Prudential disbursed $8,082.00 to Sedgwick Funeral Home in satisfaction of an Assignment

signed by Cozad, and distributed $29,418.00 to Cozad, representing her undisputed 50% share of the Death Benefit (*Id*. ¶ 15.) As a result of the disbursements to Sedgwick Funeral Home and Cozad, there remains $37,500.00 of the Death Benefit due (the "Remaining Death Benefit"), representing the 50% share to which Edwards would be entitled pursuant to the Plan's beneficiary rules. (*Id*. ¶ 16.) There have been no other claims for the Remaining Death Benefit. (*Id*. ¶ 17.) The Remaining Death Benefit has been deposited with this Court pursuant to Court Order entered on August 7, 2024 (ECF, 17) and represents funds that would otherwise be payable to Edwards.

## SALIENT PROCEDURAL HISTORY

Cozad filed a Petition for Declaratory Relief (the "State Court Action" or "Petition") with the Ninth Judicial Circuit Court, Fulton County, State of Illinois on or about June 23, 2023. (ECF Doc. 1 at 7.) The Petition seeks a judgment declaring Cozad to be the sole beneficiary or the sole payee and ordering that all sums of money due and payable under the Plan be paid to Cozad on the grounds that Edwards is in arrears to Cozad as a result of past due child support payments. (*Id.* at 9.) On or about September 7, 2023, Prudential removed the State Court Action to this United States District Court. (ECF Doc. 1.) On or about October 16, 2023, Prudential filed the Cross-claim. (ECF Doc. 6.) An Entry of Default against Edwards was requested by Cozad on or about January 9, 2025 (ECF Doc. 21), which was entered by the Clerk on or about January 24, 2025. (ECF Docket Text Entry and Order, January 24, 2025.)

**LEGAL DISCUSSION**

I.  **Default Judgment Should Be Entered Against Edwards Pursuant to Fed. R. Civ. P. 55(b)(2)**

If a defendant fails to timely file an answer, default judgment may be sought against that defendant. Fed. R. Civ. P. 55. Prior to seeking a default judgment, an entry of default pursuant to Fed. R. Civ. P. 55(a) must be sought. *See e.g., VLM Food Training International v. Illinois Trading Co.*, 811 F.3d 247 (7th Cir. 2016). After an entry of default is made, the moving party may move for default judgment under Fed. R. Civ. P. 55(b). Although Fed. R. Civ. P. 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the court may exercise its judicial discretion in entering default judgment. That is, the "district court must have the default judgment readily available within its arsenal of sanctions 'in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not.'" *United States v. Di Mucci*, 879 F.2d 1488 (7th Cir. 1989).

Here, Edwards was served by Cozad by publication in the State Court Action on 8/9/2023, 8/16/2023, and 8/23/2023 (ECF Docket Text Entry and Order, January 24, 2025). The docket does not reflect that he has answered or otherwise appeared in the action. An entry of default was sought against him on January 9, 2025. (ECF Doc. 21.) Default was entered against Edwards by the Clerk on January 24, 2025. (ECF Docket Text Entry and Order, January 24, 2025.) All parties have provided Edwards with notice and ample opportunity to avoid the entry of default against him in this matter. Thus, Cozad may now move for default judgment against him as to the relief sought by Cozad in the Petition.

Accordingly, the Court may enter default judgment against Edwards as to the relief requested in the Petition by Cozad. Therefore, it is appropriate for the Court to enter a Judgment of Default against Edwards, precluding him from asserting any claims with this

Court for the Remaining Death Benefit or otherwise in connection with the funds deposited by Prudential.

## CONCLUSION

For all of the reasons set forth above and as plead in Cozad's prior submissions, Cozad respectfully requests that this Court enter an Order granting Cozad's Motion for Default Judgment. A proposed Order is submitted herewith.

Dated: February 18, 2025

Respectfully submitted,
*/s/ Nicholas N. Tinsman*
*Counsel for Plaintiff*
*Brienna M. Cozad*

NICHOLAS N. TINSMAN
ARDC No. 6307184
Barnhart, Tinsman & Parrish, Ltd
121 West Elm
Canton, Illinois 61520
Telephone (309) 647-0100
Fax (309)647-0492
nick@barnhartlaw.net